### No. ——

### First Circuit

### BAY SHOE COMPANY, INC., v. S. J. NACOL

(December 2, 1925.   Opinion and Decree)
(January 28, 1926.   Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 229, 243, 255.**

Where the evidence shows that eight months after the purchase of shoes the defendant-intervenor wrote the plaintiff stating that he could not pay for the shoes, but did not state that the material and workmanship was bad and that the plaintiff had guaranteed the shoes, this evidence will tend to show the shoes satisfactory.

2. **Louisiana Digest—Indemnity—Par. 2, 3.**

A written instrument of indemnity and guaranty by which the indemnitor holds the seller of shoes free and harmless from liability and loss on account of advances made or to be made to another, binds both the purchaser and the indemnitor in solido for the payment of the purchase price of merchandise ordered and delivered. It is not necessary that the seller accept the contract by signing it.

Appeal from the Thirteenth Judicial District Court, Parish of St. Landry, Hon. B. H. Pavy, Judge.

Suit by Bay Shoe Company, Inc., against S. J. Nacol. There was judgment for plaintiff against defendant and intervenor and defendant appealed.

Judgment affirmed.

Sandoz and Sandoz, of Opelousas, attorneys for plaintiff, appellee.

R. Lee Garland, of Opelousas, attorney for defendant, appellant.

ELLIOTT, J.   Bay Shoe Company, Inc., claimed $800.00 with interest and attorney's fees, of S. J. Nacol, based on a written obligation signed by him, annexed to its petition, bearing date February 25, 1924.

In this obligation it is stated that Wm. Nacol had applied to Bay Shoe Co., Inc., for credit, and that said company had agreed to sell and deliver goods and merchandise on credit to Wm. Nacol, provided he furnished good and solvent security.   S. J. Nacol, signed this obligation, binding himself *in solido* with William Nacol, in order to secure said advances made and to be made in any amount not exceeding $800.00, on account of merchandise, as above stated.

The instrument is one of indemnity and guaranty in which plaintiff S. J. Nacol

agrees to indemnify and hold Bay Shoe Co., Inc., free and harmless from liability, loss and expenses on account of advances made and to be made to Wm. Nacol as above stated, not exceeding $800.00.

The petition alleges the existence of indebtedness on the part of Wm. Nacol to Bay Shoe Co., Inc., on account of merchandise sold and delivered to him pursuant to said agreement, and as shown by an itemized account annexed to the petition in the sum of $793.95 with interest.

The account shows that it is for shoes sold and delivered by Bay Shoe Co., Inc., to Wm. Nacol. Wm. Nacol intervened, joining S. J. Nacol in resisting plaintiff's demand, on the ground that the shoes were bought and received by him under guarantee and warrant against defective material and workmanship, and that the shoes were made of defective and rotten material, badly made, a large part of them being worthless and unsalable.

That he was compelled to take back a large number of the shoes that he had sold and return the price he had received for them, and to withdraw the balance from sale.

He claims credit for the shoes returned to plaintiff and for the price of those he had been compelled to return to purchasers; and prays that the sale be rescinded and annulled, and that plaintiff be compelled to take back the unsold shoes and given credit accordingly.

The defendant, S. J. Nacol, denies indebtedness to plaintiff, and urges plaintiff never accepted the contract that he signed as above stated.

Bay Shoe Co., Inc., in answer to the intervention of Wm. Nacol, expressly avers that the shoes in question were known as job lots; were sold him "as is" and without guarantee or warranty against defective material and workmanship; that Wm. Nacol was personally present when the transaction was made, and saw the shoes he purchased, etc.

The district judge reviewed the case and stating reasons in writing, rendered judgment in favor of the plaintiff and against S. J. Nacol and intervenor, for the amount claimed by the plaintiff.

Wm. Nacol did not appeal. S. J. Nacol, defendant, appealed.

The plaintiff has filed with us a short brief in support of its demand; but the record contains no brief by defendant, and as Wm. Nacol did not appeal there is of course, no brief in support of his demand.

On the trial of the case I. Kohlman, president of the Bay Shoe Co., Inc., testified that Wm. Nacol was not present when the shoes were bought, as alleged in his answer to intervention of Wm. Nacol; but that Joe Nacol, brother of Wm. Nacol was present, and bought the shoes for Wm. Nacol.

That the shoes were shipped to Wm. Nacol at Port Arthur, Texas; that Joe Nacol, acting for Wm. Nacol, knowing the quality of the shoes, wanted them and bought them understandingly; stating that his brother, Wm. Nacol, wanted to get up a sale, and for the purpose, wanted all kinds of cheap shoes he had on hand; that the shoes were a lot of stuff that he had had on hand for quite a while and were the cheapest he had in his store;

were sold "as are" without guarantee; that the purchaser was fully apprised of the quality of the shoes, and took the responsibility.

Some of the shoes were exhibited on the trial in order that the court might judge of the material and workmanship.

They were injured, and the witness, Kohlman, looking at them testified that they were good shoes and had been purposely injured. His testimony was not contradicted by defendant nor intervenor; but other witnesses, eleven in number, residing at Port Arthur, Texas, testified to the bad quality of the material and workmanship; and said the shoes were practically worthless. One or two witnesses testified on the trial to the same effect.

The witnesses said that the shoes, at least some of them, were marked "Magnolia Brand". The record contains a circular concerning Magnolia Brand shoes which says: "They are well made of the best leather, by American Workmen", in one of the grandest equipped factories in the world, etc. "Signed Manufacturers".

We regret to find that the record contains no evidence on the part of defendant, S. J. Nacol and intervenor Wm. Nacol, contradicting the testimony of I. Kohlman. The testimony of Joe Nacol was not taken and it is not claimed by defendant or intervenor, that it could not have been done; and no reason is given by the record as to why it was not done.

We find from the record that Wm. Nacol wrote plaintiff about eight months after the purchase of the shoes, that he could not pay for them, etc.; but in his letter dated October 14, 1924, he does not state that the material and workmanship was bad, and that plaintiff had guaranteed the shoes, as is alleged in the petition of the intervenor.

The testimony further satisfies us that Wm. Nacol signed notes for the amount due on the shoes; sent the notes to plaintiff, and that plaintiff refused to receive them on the ground that they were not secured; sending them to S. J. Nacol, with the request that he endorse them and return them to plaintiffs; but S. J. Nacol did not return them.

It was not necessary for Bay Shoe Co., Inc., to sign the contract in order to accept it, and the obligation being in solido, S. J. Nacol could sue on it, as was done.

The judgment appealed from appears to be correct.

Judgment to the extent of $793.95, affirmed; intervenor to pay cost of his interventions.

Defendant and appellant to pay the cost of the main demand in both courts.